```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
___

KEITH TERRELL BUTLER,

        Plaintiff,

  -vs-

JAMES CONWAY, RICK WOODS, CAPTAIN ROBINSON, LIEUTENANT W. MURRAY, LIEUTENANT T. DIXON, LIEUTENANT BORAWSKI, G.B. KRAZIK, STEVE BULLIS, LT. JAN VANN, C.O. W. SKELLY, C.O. T. HARRIS, C.O. J. SMITH, SERGEANT GARY C. BELTZ, RN J. JILSON, RN J. CLEMENS, NURSE ADMINISTRATOR C. FELKER, MAIL SUPERVISOR K. WASHBURN, I.G.P. SUPERVISOR B. ABRUNZO, D.O.C.S. COMMANDING CHIEF LIABLE BRIAN FISCHER, ACTING SUPERINTENDENT M. SHEAHAN,

        Defendants.

**DECISION AND ORDER**
**No. 08-CV-6385(MAT)**

___

## I. Introduction

Pro se plaintiff Keith Terrell Butler ("Butler" or "Plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 while he was an inmate in the custody of New York State Department of Corrections and Community Supervision ("DOCCS"), asserting that Defendants violated his constitutional rights in various ways while he was housed at Attica Correctional Facility, Upstate Correctional Facility, and Southport Correctional Facility. The matter was transferred to the undersigned, who issued a Decision and Order on April 3, 2013, granting partial summary judgment in favor of Defendants. The copies of this Decision and Order and the

transfer order sent to Plaintiff at his last known address were returned as undeliverable to this Court.

For the reasons discussed below, the Court exercises its authority to sua sponte dismiss this matter based upon Plaintiff's failure to prosecute and to comply with the rule requiring a pro se litigant to keep the Court apprised of a current address where he may receive mail.

**II.  Background**

When Plaintiff filed the instant action on August 11, 2008, he was housed at Attica Correctional Facility. (Dkt #1). Based upon a review of the docket, it appears that Plaintiff moved to Auburn Correctional Facility, Southport Correctional Facility, Elmira Correctional Facility, Clinton Correctional Facility, Great Meadow Correctional Facility, and, finally, Southport Correctional Facility.

A copy of the text order transferring the case (Dkt #80) to the undersigned was sent to Plaintiff at Five Points Correctional Facility on March 14, 2013. On April 3, 2013, a copy of this Court's Decision and Order (Dkt #81) also was sent to Plaintiff at Five Points. Dkt #80 was returned to the Clerk's Office as undeliverable on April 23, 2013, and on April 29, 2013, Dkt #81 likewise was returned as undeliverable.

A search of the Inmate Information Database maintained by DOCCS reveals that Butler was released to parole supervision on

March 7, 2012.[1] However, the latest docket entry indicating a change of address notice received from Plaintiff was on December 16, 2011, in which the Clerk's Office noted that "pltf address updated from Medford NY to Five Points CF."

**III. Discussion**

Plaintiff's failure to apprise the Court of his release from a DOCCS' facility and his new address constitutes a violation of the procedural rules for the Western District of New York ("W.D.N.Y.")–namely, Local Rule ("L.R.") 5.2(d) which provides that a "party appearing pro se must furnish the Court with a current address at which papers may be served on the litigant." W.D.N.Y. L.R. 5.2(d). This rule further requires that "the Court must have a current address at all times." Id. Thus, "a pro se litigant must inform the Court immediately in writing of any change of address. Failure to do so may result in dismissal of the case with prejudice." Id.

As other federal courts have noted, "'[i]t is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions." Dansby v. Albany Cty Corr. Facility, No. 95-CV-1525, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (quoting Perkins v. King, No. 84-3310, slip op. at 4 (5th Cir.

---

[1] http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ2/WINQ120 (last accessed May 1, 2013).

May 19, 1985) and citing, inter alia, Williams v. New Orleans Public Service, Inc., 728 F.2d 730 (5th Cir. 1984); Wilson v. Atwood Group, 725 F.2d 255 (5th Cir. 1984) (en banc)).

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may, in its discretion, dismiss an action based upon a plaintiff's failure to prosecute an action or comply with any order of the Court. Link v. Wabash R.R. County Independent School Dist., 370 U.S. 626 (1962). The Second Circuit "review[s] district court decisions to dismiss a case under this rule for abuse of discretion only[.]" LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (citing Romandette v. Weetabix Co., 807 F.2d 309, 312 (2d Cir. 1986)). Although the Second Circuit has cautioned that "a Rule 41(b) dismissal remains a harsh remedy to be utilized only in extreme situations[,]" LeSane, 239 F.3d at 209 (internal quotations omitted), this sanction is necessary to allow courts "to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." Link, 370 U.S. at 630. Accord, e.g., Fusco v. Craig, No. 9:05-CV-1425 (FJS/DEP), 2006 WL 3761984, at *1 (N.D.N.Y. Dec. 20, 2006) (citing Rodriquez v. Walsh, No. 92-Civ-3398, 1994 WL 9688, at *1 (S.D.N.Y. Jan. 14, 1994) (citing Peart v. City of New York, 992 F.2d 458, 461 (2d Cir. 1993) (affirming dismissal with prejudice where plaintiff's counsel failed to comply with two court orders and otherwise demonstrated

a lack of respect for the court); Ali v. A & G Co., 542 F.2d 595, 596 (2d Cir. 1976) (Where plaintiffs' counsel did not inform court of defendants' failure to submit discovery until eve of date set for trial, long after date by which discovery was supposed to have been completed, and plaintiffs and attorney had not arranged their affairs so as to be available for trial date which was known well in advance, dismissal for want of prosecution was not an abuse of discretion)).

In determining whether involuntary dismissal under Rule 41(b) is appropriate, the Second Circuit considers five main factors, none of which is dispositive: "(1) the duration of the plaintiff's failures; (2) whether the plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and, (5) whether the judge has adequately assessed the efficacy of lesser sanctions." Shannon v. General Elec. Co., 186 F.3d 186, 193-94 (2d Cir. 1999) (quotation omitted); accord, e.g., LeSane, 239 F.3d at 209-10.

Since his release to parole supervision in March 2012, Plaintiff has had over one year to update the Court of his new address, which is more than ample time to fulfill his obligation

under Local Rule 5.2(d). The Second Circuit has emphasized the importance of first giving the pro se litigant a direct warning that his case will be dismissed for failure to prosecute. E.g., Drake v. Norden Sys. Inc., 375 F.3d 248, 251 (2d Cir. 2004). However, any further attempts to notify Plaintiff would be futile as the Court has no means by which to get in contact with him. Reynoso v. Selsky, No. 02-CV-6318 CJS, 2011 WL 3322414, at *3 (W.D.N.Y. Aug. 2, 2011) (declining, on grounds of futility, to issue show-cause order directing plaintiff to explain why this matter should not be dismissed for failure to prosecute where plaintiff had not been at his last known address for over a year). Moreover, the fact that Plaintiff consistently notified the Court of his previous address changes strongly suggests he was aware of his obligations under Local Rule 5.2(d). Id. (citing Fenza v. Conklin, 177 F.R.D. 126, 127 (N.D.N.Y. 1998) (stating that plaintiff was "clearly aware" of requirement to inform the Court of a change in address, having done so twice before)).

With respect to prejudice, Plaintiff's failure to update his address is effectively foreclosing Defendants' efforts to defend this lawsuit. Finally, the need to eliminate the court calendar congestion and availability of lesser sanctions both weigh in favor of dismissal. The inability of the Court and Defendants' counsel to communicate with Plaintiff means that "the matter will remain pending indefinitely without the possibility of resolution. Under the circumstances of this case, sanctions short of dismissal would

obviously be meaningless." Reynoso v. Selsky, 2011 WL 3322414, at *4.

Plaintiff's failure to update his address is no small matter, as it prevents the Court from being able to correspond with him regarding his lawsuit. Plaintiff's decision not to comply with Local Rule 5.2(d) conveys the message that he no longer wishes to pursue his claims against Defendants.

**IV. Conclusion**

For the reasons discussed above, the instant action is dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, based upon Plaintiff's failure to prosecute this action; and Rule 5.2(d) of the Western District of New York's Local Rules of Civil Procedure, based upon his failure to advise the Court of a current address. Plaintiff's second amended complaint (Dkt #76) is dismissed with prejudice.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Decision and Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. The Clerk of the Court is requested to close this case.

**IT IS SO ORDERED.**

S/Michael A. Telesca
_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:   Rochester, New York
         May 2, 2013