```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

KEITH TERRELL BUTLER,

              Plaintiff,

    -vs-

JAMES CONWAY, RICK WOODS, CAPTAIN
ROBINSON, LIEUTENANT W. MURRAY,
LIEUTENANT T. DIXON, LIEUTENANT
BORAWSKI, G.B. KRAZIK, STEVE BULLIS, LT.
JAN VANN, C.O. W. SKELLY, C.O. T.
HARRIS, C.O. J. SMITH, SERGEANT GARY C.
BELTZ, RN J. JILSON, RN J. CLEMENS,
NURSE ADMINISTRATOR C. FELKER, MAIL
SUPERVISOR K. WASHBURN, I.G.P.
SUPERVISOR B. ABRUNZO, D.O.C.S.
COMMANDING CHIEF LIABLE BRIAN FISCHER,
ACTING SUPERINTENDENT M. SHEAHAN,

              Defendants.

**DECISION AND ORDER**
**No. 08-CV-6385(MAT)**

_____

## I. Background

On April 3, 2013, the Court granted Defendants' partial motion to dismiss the pro se civil rights complaint of inmate Keith Butler ("Butler" or "Plaintiff") for failure to state a claim, thereby dismissing a number of causes of action and terminating several defendants. The Court directed Defendants to file an answer with regard to the claims that remained pending.[1] See Dkt #81.

---

[1] The remaining claims were not addressed by Defendants in their partial motion to dismiss and did not appear to warrant dismissal for failure to state a claim: Southport corrections officers Sgt. Beltz, C.O. Harris, C.O. Smith, and C.O. Skelly, along with R.N. Jilson, utilized excessive force on September 30, 2009, against Butler in violation of the Eighth; Deputy Superintendent of Security/Acting Superintendent of Southport M. Sheahan failed to

On April 23, 2013, and April 29, 2013, two items of Court correspondence sent to Butler at his last address of record (Five Points Correctional Facility) were returned to the Court as undeliverable. The Court discovered, through a search of the Inmate Information Database maintained by the New York State Department of Corrections and Community Supervision ("DOCCS"), that Butler had been released to parole supervision on March 7, 2012.[2] However, the most recent docket entry indicating a change of address notice received from Plaintiff had been on December 16, 2011, when the Clerk's Office noted that "pltf address updated from Medford NY to Five Points CF." It therefore appeared that Butler had failed to apprise the Court of his release from a DOCCS' facility and his new address in violation of the procedural rules for the Western District of New York–namely, Local Rule 5.2(d) ("L.R. 5.2(d)").

Accordingly, on May 2, 2013, the Court entered a Decision and Order dismissing the action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure ("F.R.C.P."), based upon Butler's failure to prosecute this action; and pursuant to L.R.

---

protect Butler from harm in connection with the alleged September 30, 2009 assault; (3) Southport employees R.N. Jilson and R.N. Felker were deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment; (4) Southport Mailroom Supervisor K. Washburn interfered with Plaintiff's legal mail in violation of the First Amendment on November 1, 2009; and (5) Plaintiff was denied the right to freely exercise his religion.

[2] http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ2/WINQ120 (accessed May 1, 2013).

5.2(d), based upon his failure to advise the Court of a current address. See Dkt #82. Judgment was entered on May 3, 2013. See Dkt #83.

On May 16, 2013, Butler, who apparently has been returned to DOCCS' custody, filed a pleading titled "Opposition to Decision and Order" (Dkt #84), which was docketed as a Motion for Reconsideration. Butler states that he informed the Court by "phone and mail of change of address of 52 Clearview Drive Selden NY 11783 and P.O. Box 126 Shirley NY 11697" but there "was never a response sent to either address." Plaintiff's Motion for Reconsideration ("Pl's Mot."), ¶¶ 3, 8 (Dkt #84). Plaintiff filed an additional pleading on June 16, 2013, titled, "Opposition to Dismissle [sic] for Failure to Prosecute" (Dkt #85), in which he reiterates that he "was in contact with the clerk of the court and has called them quite a few times" and requests that the Court reinstate his case. Defendants have not filed any papers in opposition to Plaintiff's motion or otherwise objected to his request.

**II. Discussion**

Although Butler does not cite a specific rule, "[m]otions to set aside a dismissal for failure to prosecute are properly brought under [F.R.C.P.] 60(b)[,]" Canini v. United States Dept. of Justice Federal Bureau of Prisons, No. 04 Civ. 9049(CSH), 2008 WL 818696, at *2 (S.D.N.Y. Mar. 26, 2008), which provides that "on motion and upon such terms as are just . . . the court may relieve a party .

. . . from a final judgment, order or proceeding." FED. R. CIV. P. 60(b). F.R.C.P. 60(b) enumerates six grounds for relief, including a catch-all provision authorizing the Court to consider "any other reasons justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b)(6). "Properly applied Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments. In other words it should be broadly construed to do substantial justice, yet final judgments should not be lightly reopened." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986).

Once Butler received notice of the Court's order of involuntary dismissal, apparently upon being reincarcerated, he promptly notified the Court that he was not abandoning his case. He explained that he had provided updates of two residential addresses over the time he had been released to parole, but he had never received any correspondence from the Court at those addresses. Butler then sent a second request to the Court to have his case reinstated, demonstrating that he is intent on pursuing his legal claims against DOCCS. Review of the docket indicates that Butler, in the past, regularly updated the Court with his residential and DOCCS' addresses. Thus, his claim that his change-of-address request was not processed by the Clerk's Office has some credence. Furthermore, the Court cannot say at this juncture that Butler's remaining claims do not have potential merit. Given the brief duration of time from the Court's involuntary dismissal and

Butler's request to reopen the case (approximately two weeks), Defendants have not suffered any demonstrable prejudice. For all of these reasons, Court finds that relief from the harsh sanction of a F.R.C.P. 41(b) involuntary dismissal is warranted in Butler's case.

## III. Conclusion

Plaintiff's Motion for Reconsideration (Dkt #84) is **granted**, and Plaintiff's Second Amended Complaint (Dkt #76) is restored to the Court's active docket.

Defendants are directed to file an Answer to the claims in the Second Amended Complaint that remain pending within thirty (30) days of the date of this Decision and Order. Within thirty (30) days of the date of this Order, Defendants may file a further motion to dismiss the Second Amended Complaint, accompanied by appropriate exhibits demonstrating that an Answer is unnecessary. The timely filing of such a motion shall extend the time for filing an Answer by fourteen (14) days, but the Court's failure to act upon the motion to dismiss within that time shall not further extend the time to file an Answer.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:   July 17, 2013
         Rochester, New York